UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CASCO BAY VENDING, LLC, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil No. 09-126-P-H |
| | ) | |
| BACON WHITNEY, LLC, et al., | ) | |
| | ) | |
| Defendants | ) | |

### *RECOMMENDED DECISION ON MOTION TO STAY*

In this breach of contract action arising out of franchise agreements for the provision of vending machines, plaintiff Casco Bay Vending, LLC, has moved to stay the litigation as to defendant Intellivend, LLC pending the conclusion of binding arbitration. Motion to Stay Litigation as to Intellivend, LLC Pending Arbitration (the "Motion") (Docket No. 39) at 1. I recommend that the court grant the unopposed motion.

**Proposed Findings of Fact**

Treating the motion, as I must, as one seeking interlocutory injunctive relief under Fed. R. Civ. P. 52(a)(2), *Snow v. BE & K Constr. Co.*, 126 F.Supp.2d 5, 8 (D. Me. 2001); *Tejidos de Coamo, Inc. v. International Ladies' Garment Workers' Union*, 22 F.3d 8, 11 (1st Cir. 1994), I recommend that the court make the following findings of fact.[1]

1. The plaintiffs, Theodore Morton, Nicole Morton, and Casco Bay Vending, LLC, filed their complaint in this action on April 1, 2009.

---

[1] Counsel for the plaintiffs and for Intellivend, LLC, Christopher Rollins, and Craig Jalbert submitted a joint statement of proposed findings of fact. Docket No. 45. These proposed findings repeat those stipulated findings, with minor editorial changes.

1

2.  On April 17, 2009, defendant Intellivend, LLC, demanded arbitration as to the contract claims involving Intellivend that are included in the complaint in this action.

3.  The plaintiffs and Intellivend agreed to arbitration to be conducted by retired Judge van Gestel of the Massachusetts Superior Court.

4.  After they agreed upon arbitration, the plaintiffs and Intellivend had a dispute regarding the scope of the arbitration.

5.  After the plaintiffs and Intellivend submitted the question of the scope of arbitration to the arbitrator, the arbitrator issued an order dated July 17, 2009, defining the arbitral issues. A copy of this order is attached as Exhibit A to the Motion.

6.  All of the parties to this lawsuit have consented to this court entering a stay of the litigation as to Intellivend, LLC, pending the arbitration.

7.  All of the parties to this lawsuit have agreed to these proposed findings of fact.

8.  The plaintiffs and Intellivend are presently scheduled to arbitrate in front of Judge van Gestel on September 9-11, 2009. That arbitration date may be extended depending on the parties' ability to complete discovery sufficiently before that date. The parties have informed the court that the arbitration will be completed in a timely manner so as not to interfere with the scheduling order issued in this case.

### Proposed Conclusions of Law

As Judge Singal of this court has written:

> Congress enacted the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to guarantee the enforcement of private contracts by which parties agree to arbitrate disputes rather than litigate them. *See, e.g., Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985). The main goal of establishing the FAA was to put arbitration contracts on "the same footing as other contracts." *See, e.g., Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 271 (1995) (quoting *Volt Info. Scis., Inc. v. Board of Trs. of Leland Stanford Jr. Univ.*, 489 U.S.

>   468, 474 (1989)).  Congress favored safeguarding arbitration agreements because arbitration of disputes tends to avoid "the costliness and delays of litigation." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 220 (1985) (quoting H.R.Rep. No. 96, 68th Cong., 1st Sess., 2 (1924)).  The enactment of the FAA was "a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

*Baychar, Inc. v. Frisby Techs.*, 2001 WL 856626 (D. Me. July 26, 2001), at *5.

All of the parties to this action have agreed to the requested stay, there is no dispute that arbitration is called for by the relevant contract, and the stay pending arbitration will serve the goal of the Federal Arbitration Act.  Under these circumstances, the motion for a stay as to defendant Intellivend should be granted.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of July, 2009.

/s/  John H. Rich III  
John H. Rich III  
United States Magistrate Judge