# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| **CASCO BAY VENDING, LLC.,** ET AL., )<br>)<br>PLAINTIFFS )<br>)<br>v. )<br>)<br>**BACON WHITNEY, LLC.,** ET AL., )<br>)<br>DEFENDANTS ) | CIVIL NO. 09-126-P-H |

## ORDER ON PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

During the course of a lawsuit in this court, the parties entered into a settlement agreement.  The plaintiffs have now moved to enforce the settlement agreement, and the parties agree that there are no material facts in dispute. The defendant (a trustee under a Massachusetts assignment for the benefit of creditors) says that he would very much like to perform the settlement obligations, but that he cannot because tax liabilities have emerged that take precedence.[1]

To the extent that the plaintiffs are asking me to enjoin the trustee to pay it the sum of money specified in the settlement agreement, the motion is **DENIED**.  The settlement agreement was made under Maine law, and I see no authority to order specific performance of a money obligation.[2]

---

[1] The trustee asserts that a purchaser of assets promised to pay, but has not yet paid, those taxes.

[2] See McIntyre v. Plummer Associates, 375 A.2d 1083, 1084 (Me. 1977) ("[S]pecific performance will not be granted where there exists an adequate remedy at law."); Curran v. Camden Nat'l Corp., 477 F. Supp. 2d 247, 255 (D. Me. 2007) ("Almost invariably . . . suits seeking (whether
*(continued next page)*

If, on the other hand, the plaintiffs want a judgment for the relief set forth in the settlement agreement, I am prepared to grant that relief. Indeed, the defendant trustee conceded at oral argument that the trustee entered into the settlement agreement, but argues that he cannot pay the money because of outstanding tax liabilities in Massachusetts. The plaintiffs would thus have to seek execution upon the judgment. I am uncertain, however, whether the plaintiffs want that relief, if they cannot obtain an injunction, rather than proceeding with the underlying lawsuit in this court.

Accordingly the motion is **DENIED**, but without prejudice to the plaintiffs to renew it in a form that does not seek specific performance of an obligation to pay money.

**SO ORDERED.**

**DATED THIS 20TH DAY OF APRIL, 2010**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for money damages, as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty. And money damages are, of course, the classic form of legal relief." (quoting Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002)). The cases the plaintiffs cited at oral argument from Kentucky and Georgia are not to the contrary. In Mann v. Woodson, 2006 U.S. Dist. LEXIS 70322 (M.D. Ga. Sept. 28, 2006), the court ordered entry of a judgment for monetary damages, not specific performance of payment, id. at *2. The court in OMS Sports, LLC v. Alessi, 2009 U.S. Dist. LEXIS 61704 (E.D. Ky. July 17, 2009), also entered a judgment for monetary damages. To be sure, the court "direct[ed] [the] defendants to complete their payment within thirty (30) days of the date of this order," but it did so simply to resolve a dispute between the parties as to the timing of the payment rather than to order specific performance. Id. at *6.